UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN AND SURVEEN KLEIN | CIVIL ACTION |
| VERSUS | NO. 06-8014 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "C"(2) |

### ORDER

The Court previously ordered briefing on whether the jurisdiction amount existed at the time of removal (Rec. Doc. 5). The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is

facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In response to the Court's order (Rec. Doc. 5), State Farm Fire and Casualty Company ("State Farm") filed a memorandum that attempted to show that the jurisdictional minimum was met (Rec. Doc.7 ). To illustrate the amount in controversy, State Farm states that the coverage provided by them totals $371,830.[1] State Farm contends that as it has paid plaintiffs' $87,512,59 for damage to the building structures, the total available amount of remaining coverage is $290,715.41. State Farm also asserts that the plaintiffs' request for penalties and attorney's fees catapults their claim over the jurisdictional minimum.

---

[1] State Farm contends that two separate insurance policies are at issue. However, according to Plaintiff's Petition and subsequent memorandum (Rec. Doc. 9), the State Farm fire (homeowners) policy is at issue in dispute. Plaintiffs are not making any claims or seeking damage caused by flood waters or under the National Flood Insurance Act.

Plaintiffs agree with the defendant's assessment of damages it has paid thus far, $87,512.59.  However, the plaintiffs aver, to the best of their knowledge existent at the time the matter was removed and based upon the outstanding portions of their claim, that the amount in controversy which existed at the time of removal failed to meet the minimum amount necessary to support removal.  In support, plaintiffs refer to Paragraph VII of their Petition which states that the current damages total $140,000.00.  Accordingly, as defendants have already tendered $87,512.59, the total of remaining value of the claim is $52,487.41.  While plaintiffs argue that the Petition is clear that the damages they are seeking are less than the jurisdictional amount of $75,000.00, they have also submitted a stipulation to this effect.[2]

Thus, based on the record, the stipulation made by plaintiffs and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  *See*: *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

---

[2] The Court assumes that the stipulation refers to the amount in controversy on the date of removal.

IT IS ORDERED that this matter be and hereby is REMANDED to Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this  6th  day of February, 2007.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE